IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY BASS, #122 504, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.:  2:13-CV-594-WHA |
| | ) | [WO] |
| WARDEN KENNETH SCONYERS, | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff is an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama.  He files this 42 U.S.C. § 1983 action complaining that Defendants have failed to provide him with constitutionally adequate medical care and treatment and have been deliberately indifferent to his safety and welfare.  Among the named defendants is the Prison Health Care Unit at the Easterling Correctional Facility.  Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Prison Health Care Unit prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## I.  DISCUSSION

The Prison Health Care Unit is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the court concludes that Plaintiff's claims against this defendant should be

dismissed. *Id.*

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Prison Health Care Unit be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i);

2.  The  Prison Health Care Unit be DISMISSED as a  party to this complaint; and

3.  This case  with respect to the remaining defendants be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before October 8, 2013**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 24th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE