IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TOMMY BASS, #122 504, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:13-CV-594-WHA |
| | ) | [WO] |
| WARDEN KENNETH SCONYERS, *et al.*, | ) | |
| | ) | |
|    Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility ["Easterling"] in Clio, Alabama, when he filed this *pro se* 42 U.S.C. § 1983 action, alleges Defendant Kenneth Sconyers violated his Eighth Amendment rights by exhibiting deliberate indifference to his safety by failing to maintain the sidewalks at Easterling in good condition which caused him to be injured on May 26, 2013. By amendments to the complaint filed September 12 and 20, 2013, Plaintiff named as additional defendants Dr. Darbouze and Nurse Wilson claiming they violated his Eighth Amendment right to adequate medical care and treatment. Doc. # 5, 8. On September 26, 2013, Plaintiff filed a third amendment naming Warden Karla Jones as a defendant claiming she "joined forces" with Defendants Sconyers, Darbouze, and Wilson to retaliate against him by threatening to place him in solitary confinement due to a bladder problem and also alleging that Defendant Jones exhibited deliberate indifference to his health by denying him a meal. Doc. # 12.  In his complaint and amendments filed September 12 and 20, 2013, Plaintiff requests solely injunctive relief and attorney's fees against Defendants Sconyers, Darbouze, and Wilson. Doc. # 1 at 4, Doc.

# 5 at 1, 4; Doc. # 8 at 3-4. Plaintiff's amendment filed September 26, 2013, against Defendant Jones requests monetary damages from her.[1] Doc. # 12 at 1-2.

Defendants Sconyers and Jones (the "correctional defendants") filed a special report and supporting evidentiary materials addressing Plaintiff's claims for relief. In these documents, Defendants Sconyers and Jones deny they acted in violation of Plaintiff's constitutional rights. Doc. #s 32, 33. Defendants Darbouze and Wilson (the "medical defendants") argue Plaintiff's complaint against them is due to be dismissed because, prior to filing this cause of action, Plaintiff failed to properly exhaust an administrative remedy available to him through the prison system's medical care provider, Corizon, Inc. Doc. # 24 at 18-21. The medical defendants base their exhaustion defense on Plaintiff's failure to follow the available required administrative procedures at Easterling regarding the claims presented. *Id.*, Exh. B - Wilson Affidavit. In addition, the medical defendants maintain, and the evidentiary materials—including Plaintiff's medical records— indicate that Plaintiff received appropriate medical treatment during the time relevant to the matters alleged in the complaint and amendments thereto, *Id.*, Exh. A and Supplement.

On December 20, 2013, the court provided Plaintiff an opportunity to file a response to Defendants' special reports in which he was advised, among other things, to "specifically address the medical defendants' argument that he [] failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA")." Doc. # 34 at

---

[1] In Plaintiff's complaint and amendments filed September 12 and 20, 2013, Plaintiff specifically disclaims any request for monetary damages regarding the issues raised therein against Defendants Sconyers, Darbouze, and Wilson, stating he seeks only injunctive relief and attorney's fees. *See* Doc. # 1 at 4, Doc. # 5 at 2-4, Doc. # 8 at 3-4. Regarding Plaintiff's request for attorney's fees, *pro se* plaintiffs are not entitled to an award of fees under the civil rights attorney fee statute. *See Smith v. DeBartoli*, 769 F.2d 451, 453 (7th Cir. 1985) (*pro se* plaintiff in civil rights action was not entitled to attorney fees where he was not an attorney); *Turman v. Tuttle*, 711 F.2d 148 (10th Cir. 1983) (prison inmate who brought action against prison employees seeking to redress alleged constitutional violations was not entitled to receive attorney fees).

1 (footnote omitted). The order advised Plaintiff his response should be supported by affidavits or statements made under penalty of perjury and other evidentiary materials. *Id*. at 3. This order further cautioned Plaintiff that unless "sufficient legal cause" is shown within ten days of entry of this order "why such action should not be undertaken, the court may at any time [after expiration of the time for his filing a response to this order] and without further notice to the parties (1) treat the special reports and any supporting evidentiary materials as a [dispositive] motion . . . and (2) after considering any response as allowed by this order, rule on the motion in accordance with law." *Id.* at 4. Plaintiff responded to Defendants' reports, *see* Doc. # 35, but his response does not demonstrate there is any genuine issue of material fact. *See* Doc. # 34 at 3.

The court will treat the correctional defendants' report as a motion for summary judgment, and treat the medical defendants' special report as a motion to dismiss regarding the exhaustion defense and resolve these motions in favor of defendants. *Bryant v. Rich*, 530 F.3d 1368, 1374-1375 (11th Cir. 2008) (internal quotations omitted) ("[A]n exhaustion defense ... is not ordinarily the proper subject for a summary judgment [motion]; instead, it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."); *see also Trias v. Florida Dep't of Corr.*, 587 F. App'x 531, 534 (11th Cir. 2014) (District court properly construed defendant's "motion for summary judgment as a motion to dismiss for failure to exhaust administrative remedies....").

## I. STANDARD OF REVIEW

**A. Exhaustion**

In addressing the requirements of 42 U.S.C. § 1997e about exhaustion, the Eleventh Circuit has

> recognized that "[t]he plain language of th[is] statute makes exhaustion a precondition to filing an action in federal court." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000) (per curiam) (quoting *Freeman v. Francis*, 196 F.3d 641, 643-44 (6th Cir. 1999)). This means that "until such administrative remedies as are available are exhausted," a prisoner is precluded from filing suit in federal court. *See id.* (affirming dismissal of prisoner's civil rights suit for failure to satisfy the mandatory exhaustion requirements of the PLRA); *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 1999) ("reaffirm[ing] that section 1997e(a) imposes a mandatory requirement on prisoners seeking judicial relief to exhaust their administrative remedies" before filing suit in federal court), *modified on other grounds*, 216 F.3d 970 (11th Cir. 2000) (en banc); *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (holding that under the PLRA's amendments to § 1997e(a), "[a]n inmate incarcerated in a state prison ... must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983"); *Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999) (per curiam) (affirming dismissal of prisoner's civil suit for failure to satisfy the mandatory exhaustion requirements of § 1997e(a)); *Alexander v. Hawk*, 159 F.3d 1321, 1328 (11th Cir. 1998) (affirming dismissal of prisoner's *Bivens* action under § 1997e(a) for failure to exhaust administrative remedies prior to filing suit in federal court).

*Leal v. Georgia Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). The Court has, therefore, determined that "the question of exhaustion under the PLRA [is] a 'threshold matter' that [federal courts must] address before considering the merits of the case. *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004). Because exhaustion is mandated by the statute, [a court has] no discretion to waive this requirement. *Alexander v. Hawk*, 159 F.3d 1321, 1325-26 (11th Cir. 1998)." *Myles v. Miami-Dade Cty. Corr. and Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012). The court will "resolve this issue first." *Id*.

"When deciding whether a prisoner has exhausted his remedies, the court should first consider the plaintiff's and the defendants' versions of the facts, and if they conflict, take the plaintiff's version of the facts as true. 'If in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.' *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*citing Bryant*, 530 F.3d at 1373–74). If the complaint is not subject to dismissal at this step, then the court should make 'specific findings in order to resolve the disputed factual issues related to exhaustion.' *Id*. (*citing Bryant*, 530 F.3d at 1373-74, 1376)." *Myles*, 476 F. App'x at 366. A district court "may resolve disputed factual issues where necessary to the disposition of a motion to dismiss for failure to exhaust [without a hearing]. *See [Turner*, 541 F.3d at 1082]. The judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record. *Bryant*, 530 F.3d at 1376." *Trias*, 587 F. App'x at 535.

### B. Summary Judgment

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law." *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (*per curiam*); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence

of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing the non-moving party has failed to present evidence to support some element on which it bears the ultimate burden of proof. *Id*. at 322−324.

The correctional defendants have met their evidentiary burden.  Thus, the burden shifts to Plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc*., 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3); *Jeffery v. Sarasota White Sox, Inc*., 64 F.3d 590, 593−594 (11th Cir. 1995) (holding that, once the moving party meets its burden, "the non-moving party must then go beyond the pleadings, and by its own affidavits [or sworn statements], or by depositions, answers to interrogatories, and admissions on file," demonstrate there is a genuine dispute of material fact) (internal quotations omitted).  This court will also consider "specific facts" pled in a plaintiff's sworn complaint when considering his opposition to summary judgment. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090, 1098 (11th Cir. 2014).  A genuine dispute of material fact exists when the non-moving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263; *Allen v. Bd. of Pub. Educ*., 495 F.3d 1306, 1313 (11th Cir. 2007).

Although factual inferences must be viewed in a light most favorable to the non-moving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *See Beard v. Banks*, 548 U.S. 521, 525 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  Plaintiff's *pro se* status alone does not compel this court to disregard elementary principles of production and proof in a civil case.

## II. DISCUSSION

**A. Defendant Sconyers**

Plaintiff complains that Defendant Sconyers exhibited deliberate indifference to his safety in violation of his Eighth Amendment rights because he failed to properly maintain the sidewalks at Easterling. Plaintiff, who is wheelchair bound, complains he sustained injuries when his wheelchair fell over because of a pothole in the sidewalk. Doc. #s 1, 5, 8.

Plaintiff is no longer incarcerated at Easterling which is where he was incarcerated when he filed suit. Since filing this action Plaintiff has been transferred to the Limestone Correctional Facility in Harvest, Alabama. Because Plaintiff disclaims any request for money damages against Defendants Sconyers regarding his deliberate indifference claim, the undersigned concludes this claim is due to be dismissed as moot.

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974); *Mingkid v. U.S. Att'y Gen.*, 468 F.3d 763, 768 (11th Cir. 2006). Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot. *Nat'l Black Police Assoc. v. Dist. of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented."). Article III of the United States Constitution confers jurisdiction on the district courts

to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) (citations omitted), the Eleventh Circuit Court of Appeals determined "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation." *See also Darring v. Kincheloe*, 783 F.2d 874, 876-77 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Lewis,* 494 U.S. at 477.

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("Logically, 'a prospective remedy will provide no relief for an injury that

8

is, and likely will remain, entirely in the past.'" (citation omitted)). In the context of a § 1983 action filed by a prisoner, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1989) ("[A]n inmate's claim for injunctive and declaratory relief in a § 1983 action fails to present a case or controversy once the inmate has been transferred."); *Wahl v. McIver*, 773 F .2d 1169, 1173 (11th Cir. 1985) ("[A] n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at Easterling, having been transferred to another correctional institution during the pendency of this action. The condition about which Plaintiff complains occurred at Easterling, and he is no longer incarcerated there. Therefore, Plaintiff is no longer subject to the condition about which he complained when he filed this matter. There is no indication that Plaintiff will be returned to Easterling, much less be returned in the immediate future. "'Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.'" *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984)). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id*. (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element). Because there is no present case or controversy to support the court's jurisdiction over Plaintiff's deliberate indifference to safety claim against Defendant Sconyers, it is due to be dismissed as moot.

**B. The Medical Defendants**

Plaintiff challenges the provision of medical care to which he was subjected while incarcerated at Easterling. Doc. #s 1, 5, 8, 12, 13. In response to the complaint and amendments thereto, the medical defendants assert this case may be dismissed because Plaintiff did not exhaust properly the administrative remedy provided by the institutional medical care provider prior to filing this complaint as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Doc. # 24. As explained, federal law directs this court to treat the medical defendants' response as a motion to dismiss for failure to exhaust an administrative remedy and allows the court to look beyond the pleadings to relevant evidentiary materials in deciding the issue of proper exhaustion. *Bryant*, 530 F.3d at 1375.

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Alexander*, 159 F.3d at 1325; *Woodford v. Ngo*, 548 U.S. 81 (2006). Moreover, "the PLRA exhaustion requirement requires proper exhaustion."

*Id*. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings. . . . Construing § 1997e(a) to require proper exhaustion . . . fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." *Id*. at 90-91, 93. The Supreme Court reasoned that because proper exhaustion of administrative remedies is necessary, an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement . . . by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to him. *Id*. at 83-84; *Bryant*, 530 F.3d at 1378 (quoting *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'"); *Johnson*, 418 F.3d at 1157 (inmate who files an untimely grievance or spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA); *Higginbottom*, 223 F.3d at 1261 (inmate's belief that administrative procedures are futile or needless does not excuse the exhaustion requirement). "The only facts pertinent to determining whether a prisoner has satisfied the PLRA's exhaustion requirement are those that existed when he filed his original complaint." *Smith v. Terry*, 491 F. Appx. 81, 83 (11th Cir. 2012) (*per curiam*).

In support of their motion to dismiss for failure to exhaust administrative remedies, the medical defendants attach the affidavit of Defendant Wilson, the Health Services Administrator at Easterling. Defendant Wilson affirms that Easterling has a grievance procedure for inmate

complaints related to the provision of medical treatment at the facility and has attached to her affidavit a copy of the grievance policy and grievance forms to be used by inmates at Easterling. This evidence reflects that inmates may voice complaints regarding any medical treatment sought or received during their incarceration. The grievance process is initiated when an inmate submits a medical grievance form to the Health Services Administrator ["HSA"] through the institutional mail system. The HSA or Director of Nursing ["DON"] reviews and answers the grievance within five (5) working days of receipt of the medical grievance. When the grievance response has been completed, the form is annotated in the grievance log. If the inmate wishes to appeal the initial response, he may submit a grievance appeal and the HSA or DON will answer in writing within three (3) working days. A face to face interview with the inmate will be conducted at that time. Once the HSA or DON has conducted the appropriate review, an inmate interview, and responded, the grievance appeal response is logged into the grievance appeal log. The grievance is then placed in the institutional mailbox and distributed to the inmate. If the inmate is not satisfied with the response, then a face-to-face interview with the HSA, DON, and Warden or his or her designee will be conducted. Doc. # 24, Exh. B –Wilson Affidavit and attachments.

At the time of the actions about which Plaintiff complains, Defendant Wilson handled addressing inmate grievances regarding their medical care at Easterling and was the record custodian for all inmate grievances at the facility. She affirms that during the time Plaintiff was incarcerated at Easterling he filed no medical grievances regarding his medical care and treatment as alleged in the complaint and amendments thereto. Doc. # 24 at Exh. B –Wilson Affidavit.

The court granted Plaintiff an opportunity to respond to the exhaustion defense raised by the medical defendants in their motion to dismiss. Plaintiff's response does not dispute the medical defendants' assertion he failed to exhaust an available administrative remedy. *See* Doc. # 35. The

court, therefore, finds a grievance system is available at Easterling for Plaintiff's claims, but he failed to exhaust the administrative remedy available to him. Plaintiff does not dispute his failure to submit any grievances related to the provision of his medical care at Easterling, and the unrefuted record before the court demonstrates he failed to properly exhaust an administrative remedy available to him at the institution regarding his allegation of inadequate medical care prior to seeking federal relief, a precondition to proceeding in this court on his claims.

It is likewise clear that access to the grievance procedure ceased after Plaintiff filed this case, and the administrative remedy provided by the medical defendants is no longer available to him. Under these circumstances, dismissal with prejudice is appropriate. *Bryant*, 530 F.3d at 1375 n.1; *Johnson*, 418 F.3d at 1157; *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir. 1995) ("Without the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative remedies and gaining access to a federal forum without exhausting administrative remedies."); *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004) (footnotes omitted) (inmate's "federal lawsuits . . . properly dismissed with prejudice" where previously available administrative remedies had become unavailable). The medical defendants' motion to dismiss for failure to exhaust is due to be granted. *Woodford*, 548 U.S. at 87-94.

### C. Defendant Jones

Plaintiff, in his September 26, 2013, amendment, alleges a "notice of retaliation" based on Defendants' conduct in joining forces with the "new Warden" (Defendant Jones) to deny "[him] further access to the court by threatening to put him in solitary confinement" due to an uncontrollable bladder problem. Plaintiff further contends Defendant Jones denied him a meal on September 23, 2013, and also took steps at that time to have him placed in solitary confinement

due to his bladder issue.  Doc. # 12 at 1-2.  In his opposition, Plaintiff maintains Defendants constantly threatened to put him in solitary confinement in retaliation for filing this lawsuit. Doc. # 35 at 6.

Warden Jones was assigned to Easterling on August 16, 2013. She denies threatening Plaintiff and states he was never placed in segregation. On September 23, 2013, Defendant Jones had Plaintiff escorted to the Health Care Unit to determine if he was authorized to have a urinal cup which he had brought with him to the dining area. Medical staff advised Plaintiff that he was not authorized to have the urinal cup and confiscated it. Defendant Jones affirms, however, that Plaintiff was not denied a meal on that day. Doc. # 33, Exh. A.

Regarding Plaintiff's retaliation claim, under the First Amendment, prison officials may not retaliate against prisoners for exercising their right of free speech. *Thomas v. Evans*, 880 F.2d 1235, 1242 (11th Cir. 1989). In general, to prove a retaliation claim, an inmate must show "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008); *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011); *Bennett v. Hendrix*, 423 F.3d 1247 (11th Cir. 2005).  Broad and conclusory allegations of retaliation, however, are insufficient and cannot demonstrate the existence of each element requisite to establishing retaliation. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009), *overruled on other grounds by Mohamad v. Palestinian Auth.*, ___U.S. ___, 132 S.Ct. 1702 (2012), (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true"); *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009); *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 003) (because prisoner retaliation claims are prone to abuse, "we are careful to require non-conclusory allegations.").

Plaintiff generally alleges that Defendants' retaliated against him by threatening to place him in segregation due to a medical issue and/or for filing this complaint. Based on a liberal review of the complaint, it appears Plaintiff alleges Defendants retaliated against him for exercising his right of access to the courts, thus satisfying the first element of his retaliation claim. *Smith*, 532 F.3d at 1277. The second element requires Plaintiff to demonstrate that the challenged adverse action "would likely deter a [prisoner] of ordinary firmness" from filing legal actions. *Id*. This "presents an objective standard and a factual inquiry." *Id*. There is nothing before this court which indicates that the challenged action would deter an ordinary inmate from filing lawsuits. In addition, there is no evidence that the actions complained of had a deterring effect on Plaintiff's legal activities. Furthermore, other than the purely conclusory and self-serving allegation presented by Plaintiff, there is no evidence before the court to show Defendants intended to retaliate against him. Defendants' dispositive motion on Plaintiff's retaliation claim is due to be granted.

Turning to Plaintiff's assertion that Defendant Jones deprived him, a diabetic, of a single meal once, it is undisputed that Defendant Jones did not require him to forego a meal on September 23, 2013. Even had Plaintiff missed a single meal, however, such deprivation, without more, is insufficiently serious to rise to the level of a constitutional violation, *See e.g. Dartling v. Farwell*, 139 F. App'x 847 (9th Cir. 2005) (inmate's allegation he was deprived of a single meal constituted no injury serious enough to support an Eighth Amendment claim.); *Wilkins v. Roper*, 843 F. Supp. 1327 (E.D. Mo. 1994) (plaintiff failed to state a claim under the Eighth Amendment based on the denial of a single meal); *Brown v. Madison Police Dep't*, 2003 WL 23095753, at *3 (W.D. Wis.

May 15, 2003) (dismissing claim by plaintiff alleging that he was denied two meals on a single occasion).

### E. Equal Protection/Deliberate Indifference

In a pleading styled *Special Report of Supporting Facts* (Doc. # 13), Plaintiff states he had his gall bladder removed in 2005-06 which left him with "no organ to hold urine[,]" which caused him to have uncontrollable urine flow. *Id.* at 1-2. Because evidence of his medical issues is contained in his medical records, Plaintiff maintains his placement at Easterling reflects that Defendants discriminated against him and treated him with deliberate indifference. *Id.* To the extent this pleading alleges Defendants exhibited deliberate indifference to his serious medical needs and/or discriminated against him by housing him at Easterling because of his medical condition, these claims entitle him to no relief.

Plaintiff's purely generalized and conclusory allegations of discrimination and deliberate indifference fail to assert those material facts necessary to establish a viable claim against any defendant. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). To establish a claim cognizable under the Equal Protection Clause, Plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. *GJR Inv., Inc. v. Cty. of Escambia*, 132 F.3d

16

1359, 1367-68 (11th Cir. 1998); *Coon v. Georgia Pac. Corp.*, 829 F.2d 1563, 1569 (11th Cir. 1987). Here, Plaintiff does not allege that Defendants subjected him to adverse treatment based on some constitutionally impermissible reason; instead, he simply makes the conclusory assertion that seemingly differential treatment of inmates resulted in an equal protection violation. The mere differential treatment referenced by Plaintiff does not implicate a violation of the Equal Protection Clause. *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1319 (11th Cir. 2006); *E & T Realty*, 830 F.2d at 1114-1115; *Horner v. Kentucky High Sch. Athletic Ass'n*, 43 F.3d 265, 276 (6th Cir. 1994).

In order to state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical treatment, Plaintiff must allege that he has a serious medical condition and that prison officials acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000). Deliberate indifference is demonstrated only where prison or medical personnel consciously disregard a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Plaintiff claims in wholly conclusory fashion that Defendants acted with deliberate indifference to his serious medical needs by housing him at Easterling. Doc. # 13. However, he provides no facts to support how being housed at Easterling was problematic in relation to any medical condition he has, much less how any defendant exhibited deliberate indifference in this regard. Plaintiff alleges no facts which allow the court to make any plausible inference that any defendant exhibited deliberate indifference to his serious medical needs, and his "unadorned the-defendant-unlawfully-harmed-me accusation" is insufficient. *See Iqbal*, 556 U.S. at 678. Defendants are due to be granted summary judgment on these claims.

### III. CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. The deliberate indifference to safety claim against Defendant Sconyers be DISMISSED as moot;

2. The correctional defendants' motion for summary judgment on the remaining § 1983 claims (Doc. # 33) be GRANTED;

3. The motion to dismiss filed by the medical defendants (Doc. # 24) be GRANTED to the extent the medical defendants seek dismissal of this case due to Plaintiff's failure to properly exhaust an administrative remedy prior to filing this case;

4. This case be DISMISSED with prejudice;

5. Judgment be ENTERED in favor of Defendants.

It is further

ORDERED that **on or before August 18, 2016**, the parties may file any objections to the Recommendation.  Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object.  Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of August, 2016.

                                              /s/   Wallace Capel, Jr.
                                              UNITED STATES MAGISTRATE JUDGE